UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES LEWIS RODGERS, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 2:07-CV-378 RM |
| BERNARD FREEMAN, *et al.*, | ) ) ) | |
| Defendants | ) | |

OPINION AND ORDER

Plaintiff James Rodgers submitted a complaint under 42 U.S.C. § 1983, alleging that Lake County Sheriff Roy Dominguez and Jail Warden Bernard Freeman violated his federally protected rights while he was confined at the Lake County Jail. The court screened his amended complaint pursuant to 28 U.S.C. § 1915A, allowed the plaintiff to proceed against the defendants for damages on his Fourteenth Amendment claim that jail policies and conditions caused him to become infected with staph disease, and dismissed all other claims. The defendants move for summary judgment asserting that Rodgers did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The plaintiff has responded. For the reasons that follow, the court grants the defendants' motion for summary judgment.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the

> nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
>
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), quoting Porter v. Nussle, 534 U.S. 516, 122 (2002). The comprehensive administrative exhaustion requirement doesn't deprive the courts of subject-matter jurisdiction, but requires dismissal of any case in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 534.

In support of their summary judgment motion, the defendants submit the affidavit of Assistant Jail Warden Christopher McQuillin and a copy of the Lake County Jail Inmate Handbook. The defendants' submissions establish that the Lake County Jail had a grievance procedure in effect while Mr. Rodgers was housed there, and that the claims he presents in his complaint were grievable. Assistant Warden McQuillin states in his affidavit that the jail's records show that Mr. Rodgers "never filed a grievance with the Deputy Warden on any matter . . .. " (Docket #43-2, McQuillin affidavit at p. 3).

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Mr. Rodgers to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a fact finder to decide in his favor the question of whether he exhausted his administrative remedies on the claims he raises in his amended complaint. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Mr. Rodgers submitted his own affidavit in which he states that on January 30th 2008, he filed a grievance related to the claims he brings in this case. (Docket #46). He further states that the next day he was transferred to the Indiana Department of Correction and was unable to follow up on this grievance.

Section 1997e(a) states that a prisoner may not bring a case pursuant to § 1983 until he has exhausted "such administrative remedies as are available." Mr. Rodgers's affidavit may create a disputed issue of fact as to whether he ever filed a grievance, but it doesn't create an issue of fact as to whether he properly exhausted his administrative remedies before he filed the complaint in this case. A prisoner must completely exhaust his available

3

administrative remedies before he files a complaint. Burrell v. Powers, 431 F.3d 282 (7th Cir. 2005) (affirming the dismissal of a prisoner's complaint because the prisoner did not complete the grievance appeals process before filing his complaint).

Mr. Rodgers filed the complaint in this case on October 25, 2007, more than two months before he filed his grievance. Section 1997e(a) states that a prisoner may not bring a case pursuant to § 1983 until he has exhausted "such administrative remedies as are available." Accordingly, a prisoner must exhaust his administrative remedies before filing a § 1983 action in federal court, and a grievance Mr. Rodgers filed after he filed the complaint in this case doesn't help him establish that he exhausted his administrative remedies before filing his complaint or avoid summary judgment.

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (docket #42), and DISMISSES this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: October  7 , 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court